UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARSHA JANIK, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE, NATIONAL ASSOCIATION and CAPITAL ONE BANK (USA), N.A.,<br><br>Defendants. | Civil Case No. 3:19-CV-1242 (MPS)<br><br><br>August 30, 2019 |

**CAPITAL ONE DEFENDANTS' MOTION TO STAY
OR, IN THE ALTERNATIVE,
FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**

Defendants Capital One Financial Corporation, Capital One, National Association and Capital One Bank (USA), N.A. (collectively, "Capital One") request that the Court stay all proceedings and deadlines in this action pending resolution of the motions for transfer and consolidation under 28 U.S.C. § 1407 that are currently pending before the Judicial Panel on Multidistrict Litigation ("JPML"). Like many other cases that have been filed against Capital One in recent weeks, this case relates to the cyber incident that Capital One announced on July 29, 2019.

The JPML will hear argument on the Section 1407 motions on September 26, 2019, and Capital One anticipates an order regarding consolidation and transfer to be issued shortly thereafter. A stay pending the JPML's decision is warranted because it would serve the interests of judicial economy, would prevent Capital One from suffering the harms associated with duplicative proceedings, and would not prejudice Plaintiff. If this Court declines to stay the case, Capital One respectfully request that this Court extend its deadline to respond to the

Complaint until 60 days after Plaintiff files a consolidated amended complaint. **Counsel for Plaintiff advised counsel for Capital One that Plaintiff does not oppose such an extension of the answer deadline.**[1]

## BACKGROUND

This case is one of over 50 putative class actions filed in connection with the cyber incident that Capital One announced on July 29, 2019. Plaintiff filed the Complaint in this case on August 9, 2019; Capital One executed a waiver-of-service form dated August 15, 2019; and Capital One's deadline to respond to the Complaint is currently October 14, 2019.

On July 31, 2019, plaintiffs in a related case pending in the Western District of Washington, *Fadullon v. Capital One Financial Corporation, et al.*, Case No. 2:19-cv-01189 (W.D. Wash., filed July 30, 2019), filed a motion for consolidation and transfer under 28 U.S.C. § 1407 with the JPML in *In re Capital One Consumer Data Breach Litigation*, MDL No. 2915 (J.P.M.L. July 31, 2019) ("*In re Capital One*"). *See In re Capital One*, Dkt. No. 1. That motion seeks to have related actions consolidated with the *Fadullon* case and transferred to the Western District of Washington for pretrial proceedings. Subsequently, plaintiffs in other related cases have filed briefs in the *In re Capital One* matter that support transfer and consolidation but seek other transferee courts, including the Eastern District of Virginia, Alexandria Division (*id.* at Dkt. Nos. 5 and 7) and the District of the District of Columbia (*id.* at Dkt. No. 8). Additionally, numerous other notices of related actions have been filed in *In re Capital One*, and additional related cases continue to be filed and are in the process of being noticed to the JPML. The JPML will hear oral argument on the Section 1407 motions on September 26, 2019, and Capital One

---

[1] By this motion, seeking only to stay the proceedings in this case or to extend Capital One's response deadline, Capital One does not intend to waive, and hereby preserves, all defenses, including defenses based on lack of personal jurisdiction and lack of venue.

ME1 31334414v.1

anticipates an order regarding transfer and consolidation of this case and other related cases to be issued shortly thereafter.

## ARGUMENT

Given that over 50 putative class actions have been filed, all related to the same underlying event and asserting the same or substantially similar factual allegations, the JPML is highly likely to grant the motions for transfer and consolidation. If it does, to conserve the parties' resources and promote judicial economy, this case will be consolidated with the other putative class actions for centralized pretrial proceedings in a single transferee court. Under these circumstances, "courts in this and other circuits have 'routinely' granted applications to stay the proceedings . . . pending action by the JPML." *Lee v. Equifax Information Servs., LLC*, No. 18-CV-3133 (RRM), 2018 WL 8139008, at *1 (E.D.N.Y. Aug. 6, 2018) (granting opposed motion to stay and staying proceedings pending JPML's decision as to whether case should be transferred for inclusion in an MDL); *see Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) ("It is common for courts to stay an action pending a transfer decision by the JPML."); *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370–71 (S.D.N.Y. 2013) (collecting cases); *see also Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14CV706, 2015 WL 222312, at *3 (E.D. Va. Jan. 14, 2015) ("Courts frequently grant stays while awaiting a JPML decision about the inclusion of a pending case into an MDL . . . ." ); *Clinton v. Gov't Emps. Ins. Co.*, No. 2:16CV430, 2016 WL 9308421, at *1 (E.D. Va. Nov. 23, 2016) ("[C]ourts frequently grant stays in cases when an MDL decision is pending." (internal quotation marks omitted)); *Robinson v. DePuy Orthopaedics, Inc.*, No. 3:12-CV-00003, 2012 WL 831650, at *2 (W.D. Va. Mar. 6, 2012) ("Staying this action pending the MDL Panel's decision . . . will serve the interests of judicial

3

economy and efficiency and will avoid the needless duplication of work and the possibility of inconsistent rulings."); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (granting stay pending JPML's ruling because "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel"); *Bonefant v. R.J. Reynolds Tobacco Co.*, No. 07-60301-CIV, 2007 WL 2409980, at * 1 (S.D. Fla. July 31, 2007) ("[I]t is common practice for courts to stay an action pending a transfer decision by the JPML.").

Capital One notes that it has filed, or will file, a motion to stay in each of the related putative class actions until the JPML rules on the § 1407 motions for consolidation and transfer. As of the time of filing, at least twenty of Capital One's motions to stay have been granted in other related cases. *See, e.g.*, *Berger v. Capital One Fin. Corp.*, No. 1:19-cv-2298 (D.D.C. Aug. 22, 2019) (minute entry granting motion to stay pending JPML's decision regarding transfer); *Lipskar v. Capital One Fin. Corp.*, No. 1:19-cv-2328 (D.D.C. Aug. 22, 2019) (same); *Tadrous v. Capital One Fin. Corp.*, No. 1:19-cv-2292 (D.D.C. Aug. 22, 2019) (same); *Francis v. Capital One Fin. Corp.*, No. 8:19-cv-1898 (M.D. Fla. Aug. 21, 2019), ECF No. 11 (granting Capital One's motion and staying case until the JPML resolves the pending motion to consolidate and transfer); *Anthony v. Capital One Fin. Corp.*, No. 3:19-cv-608 (E.D. Va. Aug. 20, 2019), ECF No. 10 (same); *Dames v. Capital One Fin. Corp.*, No. 3:19-cv-607 (E.D. Va. Aug. 20, 2019), ECF No. 15 (same); *Cox v. Capital One Fin. Corp.*, No. 1:19-cv-1042 (E.D. Va. Aug. 20, 2019), ECF No. 6 (same); *Hun v. Capital One Fin. Corp.*, No. 1:19-cv-4436 (E.D.N.Y. Aug. 20, 2019) (minute entry granting Capital One's motion to stay); *Busby v. Capital One Fin. Corp.*, No. 1:19-cv-1062 (E.D. Va. Aug. 16, 2019), ECF No. 11 (granting Capital One's motion to stay); *Heath v. Capital One Fin. Corp.*, No. 3:19-cv-555-JAG (E.D. Va. Aug. 16, 2019), ECF No. 14 (granting

ME1 31334414v.1

opposed motion to stay and staying eight additional related cases pending decision from the JPML); *Hilker v. Capital One Fin. Corp.*, No. 1:19-cv-995-RDA-JFA (E.D. Va. Aug. 16, 2019), ECF No. 15 (staying related case pending decision from the JPML); *Aminov v. Capital One Fin. Corp.*, No. 1:19-cv-1006 (E.D. Va. Aug. 16, 2019), ECF No. 9 (same).

Here, too, a short stay of proceedings until the JPML resolves the pending Section 1407 motions will promote judicial economy and sound judicial administration, avoid duplicative pretrial proceedings and potentially inconsistent pretrial rulings, and prevent prejudice to all parties.

## CONCLUSION

Capital One respectfully requests that this Court stay all proceedings in this matter until the JPML resolves the pending motions for consolidation and transfer in *In re Capital One*. A proposed order staying this case is attached for the Court's consideration as Exhibit A. In the alternative, should the Court decline to stay these proceedings, in order to afford Capital One adequate time to prepare an answer or response to the Complaint, which Plaintiff has indicated will be amended, Capital One requests that the Court extend Capital One's deadline to answer or otherwise respond to to 60 days after Plaintiff's filing of a consolidated amended complaint (Plaintiff does not oppose this alternative relief). Capital One has not requested or been given any other extensions of time in this case.

McCARTER & ENGLISH, LLP

By: /s/ Joseph J. Cherico
      Joseph J. Cherico (ct 24869)

One Canterbury Green
201 Broad Street
Stamford, CT 06901
Tel.:    (203) 399-5900
Fax:    (203) 399-5800
E-mail: jcherico@mccarter.com

## CERTIFICATE OF SERVICE

    I hereby certify that, on August 30, 2019, a copy of the foregoing Capital One Defendant's Motion to Stay or, in the Alternative, for an Extension of Time to Respond to the Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

              */s/ Joseph J. Cherico*
              Joseph J. Cherico (ct 24869)
              McCarter & English, LLP
              One Canterbury Green
              201 Broad Street
              Stamford, CT  06901
              Telephone: (203) 399-5900
              Facsimile:  (203) 399-5800
              jcherico@mccarter.com